STATE OF CONNECTICUT *v.* DENNIS J. TEART

HOUSE, C. J., LOISELLE, BOGDANSKI, BARBER and MACDONALD, Js.

Argued January 14—decision released March 9, 1976

*William M. Shaughnessy,* public defender, with whom, on the brief was *James D. Cosgrove,* chief public defender, for the appellant (defendant).

*C. Robert Satti*, acting state's attorney, for the appellee (state).

HOUSE, C. J. On a trial to a jury, the defendant, on December 14, 1973, was found guilty of the crime of robbery in the first degree in violation of § 53a-134 (a) (2) of the General Statutes. He took the present appeal from the judgment, assigning as error the court's charge to the jury with respect to the guilt of an accessory to the commission of a crime.

The trial arose out of an incident which happened in Middletown on November 18, 1972. Three young men, Gerald R. Behm, Jr., Edward F. Alwell, Jr., and Steven Green, after spending some time drinking and playing pool at a place known as the "Three Coins," about 2 a.m. drove two friends to another tavern where it was hoped they might obtain a ride to their homes. The three waited in their parked car while the two friends left to see if they could find someone to take them home. Within two or three minutes three men came to the car. What happened next is far from clear. The testimony of the participants varied widely. What does appear for certain is that knives were exhibited and that both Behm and Alwell were assaulted and robbed. The extent of the involvement of the defendant Teart in these proceedings was disputed. The state offered evidence that Behm was pulled from the front seat and robbed by Martin McArthur, assisted by the defendant Teart, and, while this was happening, Willie Vereen was robbing Alwell. On the other hand, it was the claim of Teart that he had not participated in the robbery, that he and Green had known each other for seven or eight years, that as he was passing by he happened upon

the scene, noticed his friend Green in the front seat of the car, took out his knife, had Green get out of the car and both went to a tree about twenty feet away. It was his claim that his only purpose in taking out his knife and taking Green from the car was to protect himself and Green if that became necessary in case someone attempted to harm them, and not to aid the persons who might have been robbing Behm or Alwell at the back of Behm's car. Green testified that Teart had told him to get out of the car and stand by the tree, that Teart was pointing a knife at him and held it about one foot away from him. He further testified that he was at the tree for two to three minutes and saw nothing happen but knew there was a disturbance going on behind the car because he heard noise.

In essence, it was Teart's defense that he did not aid in the commission of any crime but instead acted to protect a friend. On the evidence before them, the jury could have found that Teart actually participated in the crime of robbery, that although he did not actually commit a robbery he aided and abetted in the commission of that crime, or that he was innocent of any offense and although he was present he acted only to protect a friend. The jury found him guilty of the crime of robbery and from the judgment on that verdict he took the present appeal.

The defendant's sole assignment of error is that the court erred in charging the jury as to his possible guilt as an accessory to the crime of robbery. It is unnecessary to repeat in full the court's charge with respect to criminal liability as an accessory. The court properly read to the jury the provisions

of § 53a-8 of the General Statutes[1] which make a condition for guilt that the accused be a person "acting with the mental state required for commission of an offense." It neglected, however, to define or explain to the jury the meaning of "mental state" as that term is used in the statute. On this point the court merely commented: "No question has been raised concerning Mr. Teart's mental state, so you can treat him as having the mental state required for the commission of a crime. So under this section of that statute I just read to you, if you find beyond a reasonable doubt that Mr. Vereen did commit robbery in any specific degree, and you also find, beyond a reasonable doubt, that Mr. Teart did aid Mr. Vereen within the meaning of the law which I have just given you, you would find Mr. Teart guilty of robbery in the same degree which you have found Mr. Vereen guilty of." The defendant excepted to this portion of the charge, pointing out that the court had neglected to inform the jury that, although the act of the defendant in taking Green from the car might in fact have aided the commission of a robbery, nevertheless, the defendant's act in taking Green from the car would not make him guilty of being an accessory to the robbery unless he had the necessary mental state and criminal intent to aid and abet the commission of the robbery.

Although because of the circumstances involved the court's charge was of necessity a complicated one, it does appear that the court erred in this por-

---

[1] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

tion of its instructions. It is clear that to establish the guilt of an accused as an accessory for aiding and abetting the criminal act of another the state must prove criminality of intent and community of unlawful purpose. It is not enough that the accused committed acts which may in fact have aided the committing of the criminal act. "One who is present when a crime is committed but neither assists in its commission nor shares in the criminal intent of the perpetrator cannot be convicted as an accessory. Mere presence as an inactive companion, passive acquiescence, or the doing of innocent acts which may in fact aid the one who commits the crime must be distinguished from the criminal intent and community of unlawful purpose shared by one who knowingly and wilfully assists the perpetrator of the offense in the acts which prepare for, facilitate, or consummate it." *State* v. *Laffin*, 155 Conn. 531, 536, 235 A.2d 650; *State* v. *Enanno*, 96 Conn. 420, 425, 114 A. 386.

Since the essence of Teart's defense to the charge that he was an accessory to the robbery was that he acted only for Green's protection and not with "criminal intent and community of unlawful purpose" in perpetrating a robbery, it cannot be said that the failure of the court to instruct the jury as to the state's burden of proof not only as to what acts were performed by Teart but also as to his mental state and intention was harmless error.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.