STATE OF CONNECTICUT *v.* MARTIN MCARTHUR

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued February 3—decision released March 29, 1977

*David A. Bengtson,* for the appellant (defendant).

*C. Robert Satti,* acting state's attorney, for the appellee (state).

House, C. J. On a trial to a jury, the defendant was found guilty of the crime of robbery in the first degree in violation of § 53a-134 (a) (2) of the General Statutes. He took the present appeal from the judgment, pressing as claims of error the court's denial of his motion for a separate trial and its charge to the jury with respect to the guilt of an accessory to a crime.

The trial arose out of an incident which happened in Middletown on November 18, 1972, which incident we have already described in some detail in *State* v. *Teart,* 170 Conn. 332, 365 A.2d 1200. Teart and the defendant McArthur were tried jointly. Three young men, Gerald R. Behm, Jr., Edward F. Alwell, Jr., and Steven Green, after spending some time drinking and playing pool at a place known as the "Three Coins," about 2 a.m.

drove two friends to another tavern where it was hoped they might obtain a ride to their homes. The three waited in their parked car while the two friends left to see if they could find someone to take them home. Within two or three minutes three men came to the car. Exactly what happened next is far from clear as the testimony of the participants varied widely. What does appear for certain is that knives were drawn and that both Behm and Alwell were assaulted and robbed. The state offered evidence from which the jury could find that Behm was pulled from the front seat, assaulted and robbed at knife point by the defendant McArthur, assisted by Dennis J. Teart, and, while this was happening, Willie Vereen was robbing Alwell. The defendant McArthur did not testify in his own defense but called Green as a witness to testify that he was not present at the time of the robbery. Green at first testified that he did not see the defendant at the scene and, later, that the defendant was not there but still later admitted he did not know if the defendant was there. On the other hand, his testimony fully implicated Teart in the robbery. Teart testified that the defendant was not present at any time during the robbery. On the conflicting evidence before them, the jury found the defendant guilty of the crime of robbery.

At the trial, McArthur and Teart were represented by different counsel and McArthur moved for a severance of the trials. His motion was denied and on this appeal he claims that the trial court abused its discretion in not granting his motion for severance of his trial from that of Teart. He claims that his defense and that of Teart were antagonistic and, therefore, he should have been afforded a separate trial. He now asserts that

because his motion for a severance was denied he was prejudiced by being tried with the codefendant Teart.

This court recently stated in *State* v. *Holup,* 167 Conn. 240, 245, 355 A.2d 119: "Because a preliminary motion for separate trials obviously must be decided before the actual trial, the merits of the motion can be determined only on the basis of whether at that time it appears that injustice is likely to result unless separate trials are held. It is for this reason that in support of such a motion the court must be fully informed of any and all circumstances which indicate that justice to the parties requires separate trials. Even with a full disclosure, supplemented by inquiry from the court '[i]n the exercise of a wise discretion'; *State* v. *Klein* . . . [97 Conn. 321, 324, 116 A. 596]; exceptional cases may arise where a motion for separate trials has been denied, but during or after the joint trial it appears that the joint trial is resulting or has resulted in substantial injustice to one or more of the accused. In such circumstances, justice to the prejudiced accused requires that he be afforded a new trial. Chief Justice Wheeler in *State* v. *Klein,* supra, 324, summarized the governing principles thusly: 'The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded. The test for this court is whether the denial of the motion for a separate trial has resulted in substantial injustice to the accused.'"

In this case, the defendant has failed to qualify himself by either the test applied by the trial court or the test applicable by this court. It does not appear that the trial court was informed of any circumstances which would indicate that substan-

tial injustice would result from a joint trial. Nor does the record before us support the claim that the joint trial of the defendant and Teart resulted in "substantial injustice." Although the defendant claims that his defense and that of the codefendant Teart were antagonistic, the record does not support this claim. McArthur's defense was an alibi— not only that he did not participate in the robbery but that he was not there. Both Green and Teart by their testimony supported this defense and Teart's own defense was that although he was present he did not aid in the commission of the crime but instead acted to protect a friend who was one of the victims of the robbery. *State* v. *Teart,* 170 Conn. 332, 334, 365 A.2d 1200. The defenses were completely consistent, not antagonistic, and McArthur had the full advantage of the exculpatory testimony of the witness Green and of his codefendant, Teart. It does not appear that he was in any way prejudiced by the joint trial.

The defendant's second claim is that the court erred "in overruling the defendant's exception to the court's instructions to the jury with respect to the guilt of an accessory to the commission of a crime." We find no merit whatsoever to this claim. It arises from the circumstance that the codefendant Teart based his defense on a claim that during the commission of the robbery he was present but instead of aiding in it he was attempting to protect a friend. It became a question for the jury as to whether Teart's actions were in aid of those who were doing the robbing, as the state claimed, or to protect his friend, as he claimed. Under the circumstances, the court found it necessary as to Teart to charge on the criminal liability of an accessory to a crime in the event that the jury

found that the facts were as the state claimed. Teart was found guilty and on his appeal we found that the trial court had erred in its instructions to the jury on the law concerning accessories and remanded his case for a new trial. *State* v. *Teart,* supra, 336. Teart's trial counsel properly excepted to the erroneous charge whereupon trial counsel for McArthur stated: "Also I would except to the charging on the accessory charge, too."

The simple fact is that the court's erroneous charge with respect to the element of intent in the case of Teart, who the state claimed was at least an accessory if not a principal in the commission of the crime, had no relevancy whatsoever to the defendant McArthur who was charged as a principal, not an accessory, and whose defense was an alibi. The trial court made this distinction between the two defendants abundantly clear. Without quoting from the charge in detail, it suffices to note that at the beginning of its charge the court informed the jury that its instructions as to the law would be applicable to both defendants, "except this one section, when I will have to tell you about Mr. Teart separately, and when we get to that I will be very specific about it." The court carefully followed this procedure with a charge on the general law insofar as it applied commonly to both defendants. After concluding those general instructions, the court then gave the specific instructions applicable only to Teart, stating: "Now, ladies and gentlemen, there is another situation involving Mr. Teart which you have evidence on and which I must also discuss with you." It then instructed the jury as to the mental state which it must find Teart had in order to find him guilty as an accessory. In so doing, it carefully restricted its instruction on

this facet of the case to Teart, mentioning his name specifically eleven times and making no mention of McArthur whatsoever.

That the court erred in these latter instructions which were clearly and explicitly limited to Teart's case is of no benefit to McArthur who was in no way prejudiced thereby and cannot benefit therefrom on this appeal.

There is no error.

In this opinion the other judges concurred.