[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case concerns the applicability of Freedom of Information disclosure requirements to the State Department of Banking (hereinafter Department).
The Department, on or about August 2, 1994, received a request from Eric J. Youngquist requesting a list of names and home addresses of present and former Department employees.
The Department denied the request by letter of August 8, 1994. The grounds for denial were exemptions from the Freedom of Information Act disclosure requirements under General Statutes §§ 1-19 (b)(2) and 36-16 (a) (now § 36a-21 (a)).
Mr. Youngquist appealed this denial to the Freedom of Information Commission (hereinafter FOIC) by letter dated September 7, 1994.
The FOIC heard the matter as a contested case on April 20, 1995 and June 22, 1995. The FOIC hearing officer issued a Report of Hearing Officer dated July 24, 1995. The FOIC, on August 23, 1995, adopted the hearing officer's report as its final decision.
The hearing had resulted in evidence establishing that certain present and former Department employees objected to the disclosure of their addresses, and in some instances had taken steps to protect the privacy of their home addresses. Department employees also established the investigatory nature of some of their work and the civil and criminal liability consequences to persons subject to such investigations. Mr. Youngquist had been the subject of a Department investigation and had a license CT Page 8284 revoked by the Department.
The FOIC decision ordered disclosure of the names of persons who had not objected to such disclosure, but denied access to other persons who had objected to such disclosure.
The Department in this appeal seeks to prevent the disclosure of any names and addresses based on an exemption claim pursuant to General Statutes § 36a-21 (a). "Information to be confidential. (a) All information obtained by the commissioner or by any employee of the department of banking shall be confidential except such as should, in the opinion of the commissioner, be imparted in the performance of official duties."
The Department argues that since employees' addresses are obtained in the normal administrative personnel function they are confidential by statute. This is the only issue briefed by the Department in this appeal. All other issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg,28 Conn. App. 733, 738 (1992).
Section 36a-21 and its predecessor statutes have been addressed by two previous Superior Court decisions BankingCommission v. FOIC, Docket No. 226606 (J.D. Hartford/New Britain at Hartford, November 6, 1980, O'Neill, J.) and Docket No. CV92-0703520 Shulansky v. FOIC, (J.D. Hartford/New Britain at Hartford, October 8, 1993, Aurigemma, J.). In the BankingCommission case § 36a-21 was found to exempt "truth in lending disclosure statements which are in the banking department's custody as a result of solicitation by the Banking Department. . . ." The court in so ruling traced the history of the statute which removed the limitation on confidentiality only as to audit information. Until 1947, information in the banking department's custody was confidential if it resulted from annual bank examination. (Section 3868, 1930 Revision of the General Statutes and § 5739 of 1947 Revision of the General Statutes.)
In the Shulansky decision, the court refused to exempt bank examiners weekly job work sheets under § 36a-21. The court reasoned that the exemption did not encompass information generated by the banking commissioner or his agents, as opposed to information procured from banking institutions.
The Banking Commission and Shulansky decisions are CT Page 8285 reconcilable as Banking Commission exempted specific information solicited by the banking department from financial institutions.Banking Commission, supra, does not stand for an exemption under § 36a-21 for every piece of information in the Department's possession.
Construction of this exemption to the disclosure requirements of the Freedom of Information Act (FOIA). The overarching policy of the FOIA favors disclosure of public records. Maher v. FOIC,192 Conn. 310, 315 (1984). An exception to the disclosure policy such as 36a-21 must be narrowly construed Board of PoliceCommissioner v. FOIC, 192 Conn. 183, 188 (1984). "In those limited circumstances where the legislature has determined that some other public interest overrides the public's right to know, it has provided explicit statutory exceptions . . . We have held that these exceptions must be narrowly construed." Lieberman v.State Board of Labor Relations, 216 Conn. 253, 266 (1990). The party claim the exception has the burden of proving it's applicability. Wilson v. FOIC, 181 Conn. 324, 329 (1980).
The Department argues that the exemption applies because it "obtains" employee home addresses as part of its general administrative plan to hire employees and provide employment benefits. This construction would necessitate such a broad construction of the exemption that it would constitute a blanket exemption of all banking department information.
The rationale for and expression of such policy are neither expressed or apparent. In contrast, the rationale for and policy in favor of public disclosure are clearly established. Maher v.FOIC, supra, 192 Conn. at 315; Lieberman v. FOIC, supra,216 Conn. at 266; Wilson v. FOIC, supra, 181 Conn. at 329.
The purpose and objective of the confidentiality statute § 36a-21 must be considered in its construction. JarvisAcres, Inc. v. Zoning Commission, 163 Conn. 41, 46 (1972);Jennings v. C.L.O.P., 140 Conn. 650, 667 (1984); SkorpiosProperties, Ltd. v. Aloage, 172 Conn. 152, 154 (1976).
The court is aided by an additional rule of statutory construction. "It is a well-settled principal of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might prove controlling. Budkofsky v. Commissioner of MotorVehicles, 172 Conn. 588, 592 (1979); Charlton Press, Inc. v.CT Page 8286Sullivan, 153 Conn. 103, 110 (1965).
Section 36a-21 (a) applies generally to "all information"; § 1-19a applies more specifically to "records concerning the administration" of a state agency; while § 1-20a(c) applies with precision to "personnel" files. "[W]here there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect." State v. White, 169 Conn. 233-34, cert. denied 423 U.S. 1025; see 73 Am.Jur.2d Statutes § 253.
The court will construe § 36a-21 (a) to apply to information obtained by the Department relating to personal business, financial and investment information of financial institutions and/or their customers. General Statutes §§36a-16, 36a-17 and 36-18 address in part the information which may be required by the Banking Department to carry out its statutory responsibilities (see § 36a-10 et seq). It is the information obtained by the Department from financial institutions, licensees or customers thereof which is appropriately confidential.
Section 36a-21 (a) provides no exemption for administrative information obtained by the Department from its own employees, such as their home addresses.
The Department's Appeal is dismissed.
Robert F. McWeeny, J.