[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff in this administrative appeal is Allan Bruce Hemmings, who is in the custody of the Commissioner of Mental Health at Whiting Forensic Institute. The respondents are the State of Connecticut Department of Mental Health, Whiting Forensic Institute (hereinafter "Whiting") and the State of Connecticut Freedom of Information Commission (hereinafter "FOIC").
The Plaintiff, by letter of April 24, 1995, requested of Whiting unedited, uncensored copies of his Whiting medical records.
Whiting, on or about May 11, 1985, provided Plaintiff with redacted copies of the medical records. CT Page 7454
The Plaintiff appealed to the FOIC by letter dated May 17, 1995, complaining of Whiting's failure to fully comply with this medical records request.
The requested records consist of communications relating to the diagnosis and treatment of the Plaintiff's mental condition by his treating physicians and clinicians.
The FOIC held a hearing on Plaintiff's complaint on April 24, 1996. Whiting contested the FOIC's jurisdiction over Plaintiff's complaint on the basis of General Statutes §§ 17a-548 (b) and52-146d et seq.
The FOIC decision considered the merits of Plaintiff's complaint pursuant to § 17a-548 (b), but determined it lacked subject matter jurisdiction over the complaint. The complaint was dismissed.
The Plaintiff's pro se petition was timely filed pursuant to General Statutes § 4-183 of the Administrative Procedures Act. The court construes the Plaintiff's petition as an administrative appeal pursuant to § 4-183.
The Freedom of Information Act is designed to ensure the open conduct of government. Perkins v. FOIC, 228 Conn. 158, 166
(1993), Glastonbury Education Ass'n v. FOIC, 234 Conn. 704, 710
(1995). The act provides in § 1-19 for access to all public records "Except as otherwise provided by any federal law or state statute. . . ." General Statutes § 17a-548 specifically addresses the rights of a patient [defined at § 17a-540 (b) and (a)] to access to their own medical records. General Statutes § 17a-548
is a state statute which more specifically addresses public records access. In accordance with the express provisions of § 1-19a, and the general rules of statutory construction, the more specific provisions of § 17a-548 control access by a patient to their medical records. "It is a well-settled principal of statutory construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might prove controlling." Budkofsky v.Commissioner of Motor Vehicles, 172 Conn. 588, 592 (1979);Charlton Press, Inc. v. Sullivan, 153 Conn. 103, 110 (1965).
General Statutes § 17a-548 provides for direct access to Superior Court for any patient aggrieved by a facility's refusal CT Page 7455 to disclose." A specific procedure including in camera review is provided directly and by reference to General Statutes § 4-105. Also, the statute sets for the standard for assessing access requests.
 Any patient aggrieved by a facility's refusal to disclose under this subsection may petition the superior court for relief in the same manner as a patient proceeding under section 4-105, except that in addition to notice and a hearing, the court may conduct an in camera review of the record. The court shall order disclosure of the record by the facility unless the court determines that the disclosure will be medically harmful to the patient or would constitute an invasion of privacy of another person or would violate an assurance of confidentiality furnished to another person.
There is no provision for the FOIC to evaluate patient access to their own medical records. Appropriately, this issue is one of patient rights under General Statutes § 17-540 et seq.; rather than one of public access to governmental records under General Statutes § 1-19.
The FOIC correctly determined that it had no subject matter decision over Plaintiff's complaint.
The Plaintiff must seek redress pursuant to General Statutes § 17a-548.
The Plaintiff's appeal is dismissed.
Robert F. McWeeny, J.