## STATE OF CONNECTICUT *v.* FREDDY PAYNE
### (6209)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued May 3—decision released May 19, 1988

*Vincent Turley,* special public defender, for the appellant (defendant).

*James M. Ralls,* deputy assistant state's attorney, with whom, on the brief, were *Ronald Fasano* and *Robert O'Brien,* assistant state's attorneys, for the appellee (state).

PER CURIAM. The sole issue in this appeal is whether the trial court erred in denying the defendant's request to withdraw his guilty plea.

The defendant, through counsel, entered a plea of guilty under the *Alford* doctrine; *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); to the charge of unlawfully carrying a weapon in a vehicle in violation of General Statutes § 29-38. After canvassing the defendant's plea, the trial court accepted it and continued the case for sentencing. At the time of sentencing, the defendant orally requested

that the plea be withdrawn because he had found the "missing link" that he needed to win his case.[1] Although the defendant's attorney was present and seated next to the defendant at the hearing, the defendant himself made the request. The trial court denied the motion to withdraw the plea, and sentenced the defendant. Neither the defendant himself nor the

[1] "The Court: Mr. Payne?

"Mr. Payne: I pleaded guilty under the *Alford* doctrine—on the *Alford* doctrine. I would like to withdraw my plea and take the case to trial.

"The Court: On what basis, Mr. Payne?

"Mr. Payne: I plead guilty under the *Alford* doctrine because of the certain circumstances and it was impossible for me to get a not guilty. But I felt that I found the missing link that I really need to win my case.

"The Court: Mr. Payne, several months ago, you appeared before me for sentencing, if I recall correctly, for two class D felonies and the state recommended an imposition of a three and one-half year sentence and nolle the remaining files. At that time you did the same thing and asked for permission to withdraw your plea of guilty and that was granted to you. Since that time you have been convicted, I think, on two matters and you had a hearing on a violation of probation. Now, if my memory serves me correctly, you have ten and one-half years consecutive to serve and I indicated to you on December 17th, I would impose a sentence of three years to run concurrent with the sentence imposed after you went to trial on one of the matters for which you got three and one-half years. You are killing yourself, Mr. Payne. I find it difficult to believe that you are competent to make those decisions. Mr. Lewis, is there anything you wish to say before the Court imposes sentence?

"Mr. Lewis: I have nothing further to add, sir. Your Honor is well acquainted with Mr. Payne.

"The Court: Mr. Payne, the court hereby sentences you to the custody of the commissioner of correction for a period of three years. That sentence is to run concurrently with the sentence imposed by the court on December 17th after you went to trial and were convicted by a jury of your peers.

"Mr. Payne: I would still move to to have my plea withdrawn.

"The Court: Your motion is denied. I find no valid reason. I took your plea of guilty under the *Alford* doctrine. I canvassed your plea. I listened to the facts. I stated that there was a factual basis for the plea under the *Alford* doctrine.

"Mr. Payne: But, your Honor—

"The Court: I will note your exception and you may take an appeal, if you wish. Nolles may be noted on the other files."

defendant's attorney requested an evidentiary hearing on the motion to withdraw the plea.

"Practice Book § 721 sets forth the grounds for allowing the withdrawal of an accepted guilty plea. . . . To warrant consideration, the defendant must allege and provide facts which would justify permitting him to withdraw his plea under § 721." (Footnote omitted.) *State* v. *Deboben,* 187 Conn. 469, 474, 446 A.2d 828 (1982). The defendant bears the burden of showing a plausible reason for the withdrawal of a plea of guilty. *State* v. *Lasher,* 190 Conn. 259, 265–66, 460 A.2d 970 (1983).

At oral argument before this court, the defendant conceded that he had not presented the trial court with an acceptable reason under Practice Book § 721 for withdrawing his plea. The defendant nevertheless argues in essence that because he, as a layperson, made the request, he need not have brought himself within the terms of § 721. At all times during these proceedings, however, the defendant was represented by counsel.

The only ground upon which the defendant based his request to withdraw the plea was that there existed a "missing link" which would allow him to win his case. The defendant failed to offer any specifics about the nature of this missing link. He did not make an offer of proof or ask for an evidentiary hearing. The attorney who represented the defendant at the time he entered the plea and at the sentencing hearing never supported the defendant's claim of such an evidentiary link. At argument before us, the defendant's counsel revealed that the defendant had never even told his own attorney the nature of the missing link. We conclude that it was reasonable for the trial court to have assigned little or no evidentiary significance to the defendant's vague and conclusory allegation of a

missing link that would allow him to win his case. *State v. Watson,* 198 Conn. 598, 613, 504 A.2d 497 (1986).

The defendant also argues that the trial court denied the defendant's motion to withdraw the plea because the court felt that a withdrawal of the plea would be against the defendant's own interests. "[T]he decision as to whether the risks inherent in a change of plea should be undertaken is a decision which should be made by the defendant himself and not by the court, no matter how well-intentioned the court's decision may be." *State v. Brown,* 157 Conn. 492, 497, 255 A.2d 612 (1969). In this case, the trial court did offer its opinion as to what the defendant's prospects would be if he were allowed to withdraw the plea. The record, however, does not reveal that the denial of the motion rested solely on the trial court's evaluation of the defendant's prospects of winning his case.

We conclude that the trial court did not err in denying the defendant's request to withdraw his guilty plea.

There is no error.