STATE OF CONNECTICUT *v.* RONALD W. WHITE
(AC 22955)

Schaller, Bishop and Stoughton, Js.

Argued January 8—officially released April 29, 2003

*Peter W. Rotella*, for the appellant (defendant).

*Lawrence J. Tytla*, senior assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Ronald W. White, appeals from the judgment of conviction rendered by the trial court subsequent to his plea of nolo contendere to the charges of assault in the third degree in violation of General Statutes § 53a-61[1] and unlawful restraint in the first degree in violation of General Statutes § 53a-95.[2] On appeal, the defendant claims (1) that the court abused its discretion in denying his motion to withdraw his pleas, (2) that the court abused its discretion when it denied his request for an evidentiary hearing on the motion and (3) that the denial of his motion to withdraw his pleas constituted plain error. We affirm the judgment of the trial court.

The following facts were recited to the court when the defendant pleaded nolo contendere. The victim and the defendant were involved in a relationship for

[1] General Statutes § 53a-61 (a) provides: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

approximately four years. The victim ended the relationship the week prior to May 22, 2000. As a result, the defendant harassed the victim and her friends, and took the victim's vehicle without her permission. The defendant refused to return the vehicle until the victim agreed to meet with him. On May 22, 2000, the victim met with the defendant. After the defendant refused to let the victim out of the vehicle, he drove with her to his residence. When they arrived, the defendant proceeded to drag her to his bedroom and to force her to have sexual intercourse with him. Afterward, the victim was hysterical and telephoned a friend to come and get her. She told her friend that the defendant had sexually assaulted her.

The victim was taken to a hospital. A pelvic examination revealed internal bruising that was consistent with a sexual assault. She subsequently provided a written statement to the police describing the incident.

The state initially charged the defendant with, inter alia, sexual assault in the first degree in violation of General Statutes § 53a-70. The victim then renewed her relationship with the defendant and became uncooperative with the state's attorney's office, evinced an unwillingness to testify and expressed her strong desire that the defendant not go to prison. Defense counsel discussed the circumstances with the defendant, and the parties reached an agreement whereby the defendant would plead nolo contendere to reduced charges in return for a suspended sentence. On February 4, 2002, the state filed a substitute information charging the defendant with assault in the third degree and unlawful restraint in the first degree, and the defendant entered a plea of nolo contendere to the charges pursuant to the plea agreement. The court canvassed the defendant to ensure that the plea was entered voluntarily, with full understanding of the crimes charged and the possible penalties involved. Furthermore, the defendant

expressed satisfaction with the assistance he received from his counsel.

On March 18, 2002, the victim recanted her statement to police regarding the events that took place on May 22, 2000. In her handwritten, notarized statement, the victim stated that she had lied to the police about the May 22, 2000 incident and that on that date she had consented to the sexual encounter with the defendant.

On March 25, 2002, the date of sentencing, the defendant filed a motion to withdraw his plea and, in support of his motion, attached the victim's recantation. Pursuant to Practice Book § 39-27 (2) and (5),[3] and *State* v. *Payne*, 15 Conn. App. 305, 543 A.2d 1345 (1988), the defendant filed a motion for permission to withdraw his plea, alleging that the victim had for the first time fully recanted her claims, or, in the alternative, for an evidentiary hearing to facilitate the court's decision. The motion was denied, and the court sentenced the defendant to the agreed on four year suspended term of incarceration and four years probation.

I

The defendant first claims that the court abused its discretion when it denied his motion to withdraw his

---

[3] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his . . . plea . . . after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea . . . was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

plea. Specifically, the defendant argues that the victim's recantation rendered his plea involuntary, and made without an understanding of the law and facts because the recantation removed the factual basis for the charge. Consequently, the defendant argues he should have been allowed to withdraw his plea. The defendant also argues that the victim's recantation constituted new evidence and, therefore, removed the necessary factual basis for his nolo contendere plea. We disagree.

"The court is required to permit the withdrawal of a plea upon proof of any ground set forth in Practice Book § [39-27]. . . . [but] [w]hether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Internal quotation marks omitted.) *State* v. *Winer*, 69 Conn. App. 738, 744, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002).

We conclude that the defendant has not established that the court abused its discretion when it denied his motion to withdraw his plea. Both the prosecution and the defendant knew, at the time of the plea, that the victim was unwilling to cooperate with the state and wanted to avoid his incarceration. That was the very reason for the plea agreement. Moreover, the court reasonably could have concluded that the defendant, who was living with the victim, knew in advance what she was going to say. Under the circumstances of this case, the fact that the recantation was offered to the court on the day of sentencing by the victim, who had by then resumed a relationship with the defendant, reasonably could have led the court to conclude that the recantation was newly minted rather than newly discovered.[4] We conclude that the court

---

[4] In response to the defendant's motion to withdraw his pleas, the following colloquy, in relevant part, occurred between the court and defense counsel:

"The Court: With all due respect [counsel, the victim] has been all over the lot since the onset of this particular case.

did not abuse its discretion.[5]

## II

Next, the defendant argues that the court abused its discretion when it denied his request for an evidentiary hearing on the motion to withdraw his plea.

"We begin by noting our standard of review governing a court's decision to grant an evidentiary hearing with respect to guilty pleas. Such a decision is committed to the sound discretion of the court and will be overturned only on a showing of an abuse of discretion." *State* v. *Webb*, 62 Conn. App. 805, 815, 772 A.2d 690 (2001).

"An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit . . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. . . . To warrant consideration, the defendant must allege and provide facts which justify permitting him to withdraw his plea under [Practice Book § 39-27]."

---

"[Defense Counsel]: That's true, Your Honor.

"The Court: She has moved in and out . . . of [the defendant's] residence while this case was pending, and in this [court's] opinion, she has been fully manipulated by the defendant.

"The only reason this court went along with this plea agreement was because of those particular circumstances. There is nothing new that this court hasn't already heard. The motion to withdraw the guilty plea is denied. Your request for a hearing is denied."

[5] The defendant urges this court, pursuant to Practice Book § 60-5, to conclude that the denial of his motion to withdraw his pleas constituted plain error. Because we conclude that the court did not abuse its discretion when it denied the defendant's motion to withdraw his pleas or for an evidentiary hearing, it is unnecessary to consider the plain error argument. See, e.g., *State* v. *Bruno*, 236 Conn. 514, 555, 673 A.2d 1117 (1996).

(Citations omitted; internal quotation marks omitted.) *State* v. *Johnson,* 253 Conn. 1, 50–51, 751 A.2d 298 (2000); *State* v. *Gundel,* 56 Conn. App. 805, 814, 746 A.2d 204, cert. denied, 253 Conn. 906, 753 A.2d 941 (2000).

Under the circumstances of the present case, the court did not abuse its discretion when it refused to hold an evidentiary hearing. The only reason offered by the defendant in support of his motion to withdraw his plea was based on the victim's recantation. Furthermore, the recantation was before the court when it considered the defendant's motion. We therefore conclude that the defendant failed to set forth sufficient facts to require an evidentiary hearing on his motion to withdraw his plea.

The judgment is affirmed.

In this opinion the other judges concurred.